1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE SCOTT,

11          Plaintiff,                          No. CIV S-07-0184 MCE DAD P

12       vs.

13   M.T.A. KELLER, et al.,

14          Defendants.                         ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  Plaintiff originally filed this action in the U.S. District Court for the Northern District of

19   California.  That court transferred the case ti this district because plaintiff complains of acts and

20   omissions at the California State Prison - Solano, located within the venue of the Eastern District,

21   and the defendants apparently reside in the Eastern District.  This proceeding was referred to this

22   court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

23          Plaintiff has submitted a declaration that makes the showing required by 28

24   U.S.C. § 1915(a).  Plaintiff's application to proceed in forma pauperis will therefore be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

26   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $12.23 will be assessed by this

1

order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425

U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

411, 421 (1969).

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

        In the present case, plaintiff identifies the defendants as Medical Technician

Assistant Kelley; Unknown Medical Doctor #1; Unknown Medical Doctor #2; and Unknown

Medical Doctor #3.  All four defendants work at the California State Prison - Solano.

/////

1    Plaintiff alleges that on January 4, 2005, he sustained a serious injury to his right

2    hand while playing basketball.  Plaintiff informed D. Wagner of the injury and alleges that D.

3    Wagner assured him that he would notify medical staff.  Two hours later, plaintiff notified D.

4    Wagner again about his injury and requested to see medical staff.  Plaintiff thought his hand

5    might have been broken.  For two days, plaintiff alleges D. Wagner refused his request.

6    Plaintiff alleges he also informed Knouson and McKinley about his injury, and

7    they assured him that he would be escorted to the infirmary as soon as plaintiff's administrative

8    segregation unit paperwork was complete.

9    On January 6, 2005, a medical doctor examined plaintiff's hand.  The doctor

10   ordered x-rays and determined plaintiff's hand was not broken.  Defendant M.T.A. Kelley and

11   two other medical doctors told plaintiff that his hand was only bruised.  More than 30 days later

12   and after additional visits to the infirmary, plaintiff saw a different doctor who determined that

13   plaintiff's hand was broken.  Plaintiff concludes that the defendants' failure to provide him with

14   appropriate and timely medical attention rises to the level of deliberate indifference and violates

15   plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

16   Plaintiff seeks compensatory damages in the amount of $150,000 per defendant,

17   general and special damages in the amount of $250,000 per defendant, exemplary damages, and

18   any such further relief as the court deems just and proper to protect plaintiff from further pain

19   and suffering.

20   The court finds the allegations in plaintiff's complaint so vague and conclusory

21   that it is unable to determine whether the current action is frivolous or fails to state a claim for

22   relief.  The court has determined, however, that the complaint does not contain a short and plain

23   statement as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(2).  Although

24   the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

25   elements of the claim plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d

26   646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

4

1  acts which defendants engaged in that support plaintiff's claim.  See id.  Because plaintiff has

2  failed to comply with the requirements of Rule 8, the complaint must be dismissed.  The court

3  will, however, grant leave to file an amended complaint.

4          If plaintiff chooses to file an amended complaint, plaintiff is advised that all

5  defendants must be identified in the caption of his pleading, and all defendants must be named,

6  with position and place of employment, in the section of the form designated for that purpose.  In

7  addition, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."

8  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff refers to Unknown Medical

9  Doctor #1, Unknown Medical Doctor #2, and Unknown Medical Doctor #3, which is the

10  equivalent of using "John Doe."  Plaintiff is advised that the court cannot order service of a

11  complaint on defendants not actually named in the amended complaint.

12          Plaintiff is also advised that to establish a claim for inadequate medical care, the

13  plaintiff must allege facts demonstrating that the medical treatment rose to the level of

14  "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

15  "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's

16  needs or by prison guards in intentionally denying or delaying access to medical care or

17  intentionally interfering with the treatment once prescribed," the Eighth Amendment prohibits

18  such "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105-06.  In applying the

19  "deliberate indifference" standard, the Ninth Circuit has held that before it can be said that a

20  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

21  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

22  cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429

23  U.S. at 105-06.  If plaintiff chooses to file an amended complaint, plaintiff must link his legal

24  claim together with specific named defendants and specific factual allegations about their

25  conduct or omissions.

26  /////

1           Finally, plaintiff is advised that the court cannot refer to any prior pleading in

2  order to make an amended complaint complete.  Local Rule 15-220 requires that an amended

3  complaint be complete in itself without reference to a prior pleading.  This is because the

4  amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

5  (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

6  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

7  each claim and the involvement of each defendant must be sufficiently alleged.

8           In accordance with the above, IT IS HEREBY ORDERED that:

9           1.  Plaintiff's January 29, 2007 application to proceed in forma pauperis is

10  granted.

11           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee of $12.23.  All fees shall be collected and paid in

13  accordance with this court's order to the Director of the California Department of Corrections

14  and Rehabilitation filed concurrently herewith.

15           3.  Plaintiff's complaint is dismissed.

16           4.  Plaintiff is granted thirty days from the date of service of this order to file an

17  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

20  amended complaint in accordance with this order will result in a recommendation that this action

21  be dismissed without prejudice.

22           5.  The Clerk of Court is directed to send plaintiff a copy of the complaint form.

23  DATED: April 4, 2007.

24

25

26  DAD:9
     scot0184.14

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE