1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE SCOTT,

11            Plaintiff,                    No. CIV S-07-0184 MCE DAD P

12       vs.

13   M.T.A. KELLER, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed April 5, 2007, plaintiff's complaint was

18   dismissed with leave to amend granted.  Plaintiff has now filed an amended complaint.[1]

19            The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22

23        [1] On June 12, 2007, plaintiff filed a motion to amend his complaint along with a
     proposed amended complaint.  On June 18, 2007, plaintiff filed another motion to amend his
24   complaint along with a proposed amended complaint.  For purposes of moving forward with this
     case, the court will assume that plaintiff wishes to proceed with his most recently filed motion
25   and proposed amended complaint.  Accordingly, plaintiff's June 12, 2007 motion to amend will
     be stricken, and plaintiff's June 18, 2007 motion to amend will be granted and the court will
26   screen the amended complaint submitted with the latest motion.

                                              1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___,        , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In plaintiff's original complaint, he identified as defendants M.T.A. Kelley, Unknown Medical Doctor #1, Unknown Medical Doctor #2, and Unknown Medical Doctor #3. Plaintiff alleged that defendants were deliberately indifferent to his medical needs after he sustained a serious injury to his right hand while playing basketball.  (Compl. at 2-3.)  The court was unable to determine whether plaintiff's allegations were frivolous or failed to state a claim for relief because they were so vague and conclusory.  Accordingly, the court dismissed the complaint and granted plaintiff 30 days leave to file an amended complaint.  The court advised plaintiff that, if he filed an amended complaint, he should identify defendants by name.  In addition, the court advised plaintiff that, to establish a claim for inadequate medical care, he must allege facts demonstrating that the medical treatment rose to the level of "deliberate indifference to serious medical needs."  (Order filed Apr. 5, 2007.)

In plaintiff's amended complaint, plaintiff identifies as defendants the following CSP-Solano employees:  Warden Tom L. Carey, Deputy Warden Johns, Captain Moser, Correctional Lieutenant R.J. Knudsen, Correctional Lieutenant Nuehring, Correctional Lieutenant C. Robinson, Correctional Lieutenant McKinley, Correctional Counselor K.F. Pico, Correctional Sergeant Krog, Correctional Sergeant G. Martinez, Correctional Sergeant Melgoza, Correctional Officer D. Wagner, Correctional Officer Hogan, Correctional Officer Kiehlmier, Correctional Officer Ringler, Correctional Officer G.L. Rodriguez, Correctional Officer H.L. Lopez, Correctional Officer G.G. Moore, Correctional Officer B. Anton, Correctional Officer B. Green, Correctional Officer Cunningham, Health Care Manager A. Traquina, Dr. Noriega, Dr. Rohror, M.T.A. J. Keller, and Appeals Analyst M. Holiday.  In addition, plaintiff identifies as defendants the following CSP-Corcoran employees:  Dr. Mallory, Dr. Kim, Dr. Smith, Dr. Hetrick, Dr. A. Brar, Dr. Neubarth, Health Care Manager Sanchez, and Nurse A. Gage.  (Am. Compl. at 1-13.)

Plaintiff alleges that, on January 4, 2005, he sustained a serious injury to his right hand while playing basketball.  He immediately informed defendant Wagner of the injury.  Defendant Wagner acknowledged plaintiff's injury but told him that, due to an ongoing incident in the building, he would deal with plaintiff's request for medical care at a later time.  (Am. Compl. at 15.)

As a result of the ongoing incident, defendants Anton, Nuehring, Krog, Green, and Moore responded to the building where plaintiff was located.  Plaintiff showed them his injury and asked to be taken to the medical clinic for treatment.  Defendants acknowledged the injury, but told plaintiff he would have to wait until the ongoing incident had been resolved.  (Am. Compl. at 15.)

On January 5, 2005, plaintiff alleges his hand turned purple and red.  Plaintiff also experienced swelling and pain.  He reported the symptoms to defendant Cunningham, who instructed plaintiff to submit a sick call slip.  Later that same day, plaintiff spoke with defendant

1    Wagner and again requested medical attention.  Wagner said that he would notify the medical

2    department, but he never did because plaintiff was never called to the clinic.  (Am. Compl. at

3    15.)

4           On January 6, 2005, defendant Moser instructed defendants Ringler, Rodriguez,

5    Lopez, and Kiehlmeir to investigate specific inmates, including plaintiff, for involvement in a

6    battery incident.  Defendants Ringler, Rodriguez, Lopez, and Kiehlmeir performed unclothed

7    body searches of the inmates.  Plaintiff alleges that he was placed in mechanical restraints at that

8    time, so his injuries should have been obvious to defendants.  Plaintiff alleges that he also

9    complained of pain, discoloration, and swelling.  (Am. Compl. at 15.)  Defendant Rodriguez

10   subsequently escorted plaintiff to a medical annex for evaluation by defendants Keller and

11   Rohror.  (Id. at 16, Ex. C.)

12          Plaintiff alleges that M.T.A. Keller documented plaintiff's injuries.  Plaintiff

13   further alleges that Dr. Rohror examined his injuries.  Dr. Rohror noted only mild swelling and

14   ordered x-rays of plaintiff's right hand.  Defendants Keller and Rohror reviewed the x-rays, said

15   there was no damage to plaintiff's hand and prescribed him Motrin.  (Am. Compl. at 16.)

16   However, the corresponding radiology report indicated that plaintiff had a fracture at the

17   proximal end of the fourth metacarpal.  (Am. Compl., Ex. D.)  The fracture appeared

18   "incompletely healed and partially dislocated."  (Id.)

19          On the same day, plaintiff was issued a CDC 114 lock-up order.  The order,

20   authored by defendant Knudsen and reviewed by defendant Moser, recognized that plaintiff

21   sustained a significant injury to his hand and that a medical evaluation confirmed the significant

22   injury.  Nevertheless, pursuant to the order, plaintiff was placed in administrative segregation

23   without receiving further medical treatment.  Plaintiff alleges that, from the onset of his injury

24   until his placement in administrative segregation, he informed the defendants that he required

25   immediate and adequate medical treatment, but all of them acted with deliberate indifference to

26   his health and safety.  (Am. Compl. at 16.)

On January 13, 2005, plaintiff appeared before an Institution Classification Committee.  Committee members included defendants Moser, Martinez, and Melgoza.  Plaintiff informed each of the committee members that his medical needs were not being met, that he had been denied adequate medical care, and that he was in so much pain he could not sleep.  Defendants Moser, Martinez, and Melgoza ignored his plea, and told him that they were only reviewing his placement in administrative segregation.  Defendant Moser also instructed plaintiff to put in a sick call slip.  (Am. Compl. at 17.)

Plaintiff continued to request medical care, but he was housed in administrative segregation, which greatly restricted his movement.  He therefore filed a CDC 602 grievance.  Plaintiff also submitted medical request forms almost every day to medical staff who were passing out prescription medication to inmates housed on his floor.  (Am. Compl. at 17.)

On February 3, 2005, plaintiff finally saw Dr. Noriega.  Dr. Noriega placed a half-cast splint on plaintiff's hand.  Dr. Noriega also submitted a Physician Request for Services form, but classified the request as routine, not as an emergency.  (Am. Compl. at 17.)

On March 24, 2005, plaintiff saw Dr. Noriega again.  He ordered x-rays of plaintiff's hand, but the x-rays never took place.  Plaintiff alleges that he also did not see Dr. Noriega on March 25, 2005.  (Am. Compl. at 17.)

On April 6, 2005, plaintiff was transferred to CSP-Corcoran.  Plaintiff filed a CDC 602 grievance there, detailing the denial of medical treatment in his case.  Plaintiff alleges that this grievance was served on Warden Carey, which effectively put him on notice of his complaint.  (Am. Compl. at 17.)

Plaintiff alleges that his family members contacted his correctional counselor defendant Pico, numerous times about plaintiff's inadequate medical care.  Defendant Pico assured plaintiff's mother and his girlfriend that plaintiff would receive medical treatment.  (Am. Compl. at 18.)

/////

On April 25, 2005, plaintiff saw Dr. Kim, who was performing evaluations for new arrivals.  At this exam, the doctor had no medical chart to refer to, and no consultation took place.  In addition, no follow-up x-rays had been taken even though it was known and documented that plaintiff's right hand was fractured and that he was in constant pain.  (Am. Compl. at 18.)

On May 5, 2005, plaintiff saw defendant Gage.  Defendant Gage submitted another Physician Request for Service form, which requested emergency medical attention for plaintiff.  (Am. Compl. at 18.)

On June 2, 2005, plaintiff saw specialist Dr. Mallory.  Dr. Mallory confirmed that plaintiff had a 6-month old fracture that had healed improperly.  (Am. Compl. at 18.)

Defendant Holiday responded to plaintiff's CDC 602.  Defendant Holiday stated that between May 31, 2005 and June 6, 2005, prison officials unsuccessfully attempted to contact plaintiff.  Plaintiff alleges that defendant Holiday's response shows deliberate indifference to his medical needs because at no time did defendant Holiday contact medical staff at CSP-Corcoran regarding his appeal.  Plaintiff alleges that defendant Traquina reviewed Holiday's response to plaintiff's complaint and approved Holiday's handling of the matter.  (Am. Compl. at 18.)

On June 8, 2005, plaintiff underwent x-rays of his hand.  Defendant Gage reviewed the films and determined that the results were normal and there was no need for a follow-up visit.  In August, defendant Gage interviewed plaintiff about his CDC 602.  (Am. Compl. at 18.)  Plaintiff alleges that defendant Gage acknowledged the referral for a consult but failed to address the emergency medical treatment that was warranted even though he recognized nerve damage based on plaintiff's complaints regarding numbness and pain.  Defendant Klarich approved and agreed with this course of action.  (Id. at 19.)

Subsequently, plaintiff filed another appeal alleging denial of adequate medical care.  Plaintiff alleges that defendant Brar's response confirmed that plaintiff's injury was now seven months old and had healed improperly because of the delay and denial of medical care.

7

1  Nonetheless, defendant Brar denied plaintiff's request to see an outside orthopedic surgeon.

2  Plaintiff alleges that defendant Sanchez agreed and approved of this deliberate indifference to

3  plaintiff's serious medical condition.  (Am. Compl. at 19.)

4           Plaintiff concludes that defendants have violated his Eighth Amendment rights.

5  (Am. Compl. at 20-21.)  He seeks declaratory, injunctive, and monetary relief.  (Id. at 21-22.)

6  Plaintiff also requests appointment of counsel.  (Id. at 22.)

7           The court finds that plaintiff's amended complaint states cognizable claims for

8  relief against defendants Brar, Gage, Keller, Moser, Noriega, Rohror, and Wagner.  If the

9  allegations of the complaint are proven against the defendants, plaintiff has a reasonable

10  opportunity to prevail on the merits of this action.

11          The court also finds that plaintiff's amended complaint does not state a cognizable

12  claim against defendants Anton, Carey, Cunningham, Green, Hetrick, Hogan, Holiday, Johns,

13  Kielmeir, Kim, Klarich, Knudsen, Krog, Lopez, Mallory, Martinez, McKinley, Meglzoa, Moore,

14  Neubarth, Nuehring, Pico, Ringler, Robinson, Rodriguez, Sanchez, Smith, and Traquina.  More

15  precisely, plaintiff has failed to include specific allegations against defendants Hetrick, Hogan,

16  Johns, McKinley, Neubarth, Robinson, and Smith in his amended complaint.  Although plaintiff

17  has broadly alleged that these defendants were deliberately indifferent to his medical needs, he

18  has failed to allege with any degree of particularity overt acts which these defendants engaged in

19  supporting his claims.  In addition, although plaintiff's allegations against defendants Anton,

20  Carey, Cunningham, Green, Holiday, Kielmeir, Kim, Klarich, Knudsen, Krog, Lopez, Mallory,

21  Martinez, Melgoza, Moore, Nuehring, Pico, Ringler, Rodriguez, Sanchez, and Traquina are more

22  specific, plaintiff's allegations fail to state a cognizable claim for inadequate medical care against

23  these defendants.  As the court previously advised, before it can be said that a prisoner's civil

24  rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

25  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

26  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

1    Finally, with regard to plaintiff's request for appointment of counsel, the United

2    States Supreme Court has ruled that district courts lack authority to require counsel to represent

3    indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

4    (1989).  In certain exceptional circumstances, the district court may request the voluntary

5    assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

6    (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7    The test for exceptional circumstances requires the court to evaluate the plaintiff's

8    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

9    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

10   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

11   common to most prisoners, such as lack of legal education and limited law library access, do not

12   establish exceptional circumstances that would warrant a request for voluntary assistance of

13   counsel.  In the present case, the court does not find the required exceptional circumstances.

14   Accordingly, plaintiff's June 18, 2007 request for appointment of counsel will be denied at this

15   time.

16   IT IS HEREBY ORDERED that:

17   1.  Plaintiff's June 12, 2007 motion to amend his complaint is stricken.

18   2.  Plaintiff's June 18, 2007 motion to amend his complaint is granted.

19   3.  Service of the amended complaint is appropriate for the following defendants:

20   Brar, Gage, Keller, Moser, Noriega, Rohror, and Wagner.

21   4.  The Clerk of the Court shall send plaintiff 7 USM-285 forms, one summons,

22   an instruction sheet, and a copy of the amended complaint filed June 18, 2007.

23   5.  Within thirty days from the date of this order, plaintiff shall complete the

24   attached Notice of Submission of Documents and submit all of the following documents to the

25   court at the same time:

26   /////

1    a.  The completed, signed Notice of Submission of Documents;

2    b.  One completed summons;

3    c.  One completed USM-285 form for each defendant listed in number 3

4        above; and

5    d.  Eight copies of the amended complaint filed June 18, 2007.

6        6.  Plaintiff shall not attempt to effect service of the amended complaint on

7    defendants or request a waiver of service of summons from any defendant.  Upon receipt of the

8    above-described documents, the court will direct the United States Marshal to serve the above-

9    named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

10       7.  Plaintiff's June 18, 2007 request for appointment of counsel is denied.

11   DATED: December 6, 2007.

12

13   _____

14   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

15   DAD:9
     scot0184.14amd

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE SCOTT,

11              Plaintiff,                    No. CIV S-07-0184 FCD DAD P

12        vs.

13   M.T.A. KELLER, et al.,                   NOTICE OF SUBMISSION

14              Defendants.                   OF DOCUMENTS

15   _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18              _____ one completed summons form;

19              _____ seven completed USM-285 forms; and

20              _____ eight true and exact copies of the amended complaint filed June 18, 2007.

21   DATED: _____.

22

23                                           _____

24                                           Plaintiff

25

26