# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. SCOTT, | ) |
| Plaintiff, | ) Case No. 2:07-cv-00184-KJD-PAL |
| vs. | ) **ORDER** |
| KELLER, et al., | ) (Mtn to Appt Counsel - Dkt. #38) |
| | ) (Mtn to Appt Counsel - Dkt. #39) |
| Defendants. | ) (Mtn to Appt Counsel - Dkt. #48) |

This matter is before the court on Plaintiff's Motions to Appoint Counsel for Federal Civil Rights Proceedings (Dkt. ##38, 39, 48). Plaintiffs Motions assert that he is without funds to retain an attorney, and he requires assistance in preparing discovery responses. Plaintiff states that because he is incarcerated, his ability to collect evidence and interview witnesses is extremely limited. He asserts that any evidence he does collect will be disputed by the Defendants, and credibility issues may become an important factor. Lastly, he asserts that complex legal issues may arise.

In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). It is,

therefore, the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel

Here, upon reviewing the motions and Plaintiff's application to proceed *in forma pauperis*, it appears that Plaintiff is not financially able to retain counsel. See Bradshaw, 662 F.2d at 1319 (noting that "a lesser showing of indigency is required to satisfy the test for appointment of counsel [than to proceed *in forma pauperis*]"). The second factor weighs against Plaintiff. He has not established that he is likely to succeed on the merits of his case. Lastly, Plaintiff has not demonstrated that there are complex factual or legal issues involved in this case. This case does not raise complex issues of fact or law. The final factor the court must examine is whether Plaintiff's claims have potential merit. Although the allegations set forth in the complaint state a claim for initial screening purposes under 28 U.S.C. § 1915, they are insufficient on their own to establish that Plaintiff's claims have merit.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Appoint Counsel (Dkt. ##38, 39, 48) are **DENIED.**

Dated this 23rd day of September, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE