**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE R. SCOTT, Plaintiff, vs. KELLER, et al., Defendants. | Case No. 2:07-cv-00184-KJD-PAL **ORDER** (Mtn to Compel - Dkt. #46) (Mtn for Subpoena - Dkt. #54) (Mtn to Quash - Dkt. #55) (Mtn for Dkt. Sheet - Dkt. #67) (Mtn for Depo Trans - Dkt. #68) (Mtn for PO - Dkt. #70) |

Plaintiff Maurice R. Scott ("Plaintiff") is a prisoner proceeding in this action *pro se.* Plaintiff's Amended Complaint (Dkt. #14) alleges that Defendants provided him with inadequate medical care in violation of 42 U.S.C. § 1983 after Plaintiff suffered an injury to his right hand. This matter is before the court on a number Plaintiff's motions, including: (i) Motion for Order Compelling Discovery (Dkt. #46), Defendant Keller's Opposition (Dkt. #50), Defendant Brar's Opposition (Dkt. #51), Defendant Aitman's Opposition (Dkt. #52), Plaintiff's Motion to Oppose Defendant's Response to Plaintiff's Motion to Compel Discovery (Dkt. #61), Plaintiff's Response to the Defendants' Opposition to Plaintiff's Motion for Order Compelling Discovery (Dkt. #62); (ii) Motion for Subpoenas (Dkt. #54), Counsel Williams' Motion to Quash (Dkt. #55), MTA Keller's Joinder in the Motion to Quash (Dkt. #57), Defendant Aytman's Joinder in the Motion to Quash (Dkt. #60), Defendant Brar's Declaration of Counsel in Lieu of Reply to Opposition to Motion to Quash (Dkt. #69), Plaintiff's Opposition to Motion to Quash (Dkt. #71), and Counsel Williams' Reply (Dkt. #73); (iii) Defendants' Motion for a Protective Order (Dkt. #70), Plaintiff's Opposition (Dkt. #74), Plaintiff's Declaration (Dkt. #75), and

///

1  Defendants' Reply (Dkt. #79); (iv) Plaintiff's Motion for Docket Sheet (Dkt. #67); and (v) Plaintiff's
2  Motion for a Copy of Deposition Transcript (Dkt. #68).

3  **I.     Motion to Compel (Dkt. #46).**

4          Plaintiff's Motion to Compel seeks an order compelling each of the seven defendants in this
5  action to respond to three different discovery requests and awarding him $800.00 as reasonable
6  expenses he incurred in obtaining an order to compel.  Plaintiff asserts that he propounded the
7  discovery requests on Defendants on February 21, 2009 and March 25, 2009.  The Motion to Compel
8  (Dkt. #46) attaches a Request for Production of Documents, Third Request.  Defendant Keller asserts
9  that he timely responded to the only written discovery requests propounded on him on April 3, 2009.
10 He asserts that Plaintiff's Second Request for Production of Documents was never served on any of the
11 Defendants, but rather, it was filed with the court on March 30, 2009.  See Dkt. #44.  Defendant Keller
12 notes that the line for Plaintiff to list the responding party was left blank, and it was unclear to whom
13 these requests were directed.  Defendant Keller notes that with respect to the Third Set of Requests for
14 Production, Plaintiff has not identified any parties who should respond, but instead only lists their
15 counsel.  Defendants Aytman and Brar each assert that they were never properly served with any
16 requests for written discovery by Plaintiff.  Each received Plaintiff's First Set by mail, but both note
17 that the responding party is listed as "M.T.A. Keller."  Thus, they did not respond.  They also argue
18 that they have never been served with Plaintiff's Second or Third Requests for Production of
19 Documents.  Plaintiff replies that the first request listed the responding party as "M.T.A. Keller, et al.,"
20 and each of the Defendants should have known they were being directed to respond because he
21 included "et al." in the responding party line.

22         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, "A party may serve on any other
23 party a request [for the production of documents]."  Id. (emphasis added). The rule specifies that the
24 request should be directed at a particular party.  See id. at subsection (b)(2)(A).  Here, it appears that
25 Plaintiff properly served his first request for the production of documents by sending them via U.S.
26 mail.  He neglected, however, to specifically list each individual defendant, instead including "et al."
27 Given the number of Defendants in this action, it was unclear that Plaintiff wanted each of the
28 Defendants to respond to the request.  Thus, only the named Defendant responded.  Plaintiff did not

properly serve his second and third requests for production. He filed each of them as a Motion for Order Compelling Discovery (Dkt. ##44, 46) with the court. Discovery requests are to be served pursuant to the provisions of Rule 5. They are not to be filed with the court, unless otherwise ordered by the court. Motions to Compel are only to be filed when a discovery request has been properly served on a party, and the party has been given an opportunity to respond. As set forth in the court's Discovery Order (Dkt. #28), "Filing a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion." Id. Plaintiff's Motion to Compel (Dkt. #46) is denied. Plaintiff may serve his discovery requests on the Defendants from whom he seeks responses. Plaintiff's discovery requests shall make it clear to whom the requests are directed.

**II.    Motion for Subpoenas (Dkt. #54) & Motion to Quash (Dkt. #55).**

Plaintiff filed a Motion for Subpoenas (Dkt. #54) requesting that the Clerk of Court issue subpoenas *duces tecum* to counsel for the Defendants in this case seeking:

> All documents relating patient's medical/dental history: complaint; symtoms; examinations; findings; diagnosis; prognosis; sing-in sheets; photographs; video tapes; treatment; physical therapy; including without limitind the generality of the forgoing, all correspondence including but not limited to other written or graphic material. All U.C. Davis medical documentation that was released to you. All the documentation of the oral disposition that was done February 26, 2009. All documentation that will be use[d] at trial. Tape recording, pictures, letters, and names of all witnesses that you [intend] to use at trial.

Motion for Subpoenas at 4 (typographical errors in original).

Counsel for Defendant Brar, Kathleen Williams, filed a Motion to Quash (Dkt. #55), which was joined by counsel for the other Defendants (Dkt. ##57, 60). Counsel asserts that the subpoenas should be quashed because the documents they seek are protected by the attorney-client privilege and the attorney work product doctrine. Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that a subpoena must be modified or quashed if it requires disclosure of privileged or otherwise protected material, and no exception or waiver applies. Id. Essentially, Plaintiff requests every document in counsels' litigation files that pertains to him, irrespective of whether the document is privileged. Williams states that she obtained a copy of Plaintiff's CDCR medical records and provided them to him. She also provided a copy of Plaintiff's deposition transcript to Plaintiff. Counsel for

3

Defendant Aytman also notes that the subpoenas were not properly issued by the Clerk of Court pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure, do not allow a reasonable time for compliance in violation of Rule 45(c)(3)(A)(1), and command non-parties to produce documents more than one hundred miles from their places of business in violation of Rules 45(c)(3)(A)(ii) and 45(e). Plaintiff's opposition does not address these arguments, and merely asserts that Defendants have received the subpoenas regardless of how they were served. The court finds that Plaintiff's subpoenas are overly broad and seek material that is subject to the attorney-client and work product privileges. To the extent Plaintiff's motion seeks an order requiring the Clerk of the Court to issue the subpoenas in the form requested, his Motion (Dkt. #54) is denied, and Williams' Motion to Quash (Dkt. #55) is granted.

**III.    Motion for Protective Order (Dkt. #70).**

Defendants seek a protective order under Federal Rule of Civil Procedure 26(c) relieving them of the obligation to respond to Plaintiff's Notice of Requests for Admission and Interrogatories (Dkt. #59) without prejudice to Plaintiff serving requests that comply with the Federal Rules of Civil Procedure. Defendants assert good cause exists to enter a protective order because the interrogatories exceed the number permitted under the Federal Rules of Civil Procedure; the requests for admission are not separately stated and request speculation; the interrogatories and requests for admission are duplicative, compound, overbroad, and unintelligible; the volume of improper requests renders them harassing and oppressive; and the burden of responding to the requests outweighs any benefit Plaintiff may derive from receiving hundreds of properly-asserted objections.

In the requests for admissions, Plaintiff asks Defendants to admit or deny multiple facts, many of which are outside Defendants' knowledge. For example, Plaintiff asks correctional staff to admit or deny allegations regarding the medical staff's conduct. Moreover, may of the requests seek admissions not relevant to the parties' claims or defenses in this action. Many of the requests are compound rather than separately stated, seek a legal conclusion, assume disputed facts, requests speculation, or are unintelligible. With regard to the interrogatories, Plaintiff has propounded more than the twenty-five interrogatories (including sub-parts) permitted by Rule 33(a). Many of Plaintiff's interrogatories are overly broad or seek irrelevant information. For example, Plaintiff requests the Defendants "explain

4

current and past protocols of the CDC" without reference to time or subject matter. Others of Plaintiff's interrogatories are unintelligible.

Plaintiff asserts there are only twenty-five interrogatories and that the requests for admissions are separately stated. Plaintiff argues Defendants' Motion for Protective Order (Dkt. #70) is merely an attempt by Defendants to avoid their obligation to respond to Plaintiff's discovery requests and prevent Plaintiff from prosecuting his case.

Federal Rule of Civil Procedure 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed.R.Civ.P. 33(a)(1). This "presumptive limitation" was added as part of the 1993 amendments to the rule. The aim of the rule is not to "prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." See Advisory Committee Notes to 1993 Amendments. The court has reviewed the interrogatories and requests for admissions at issue. Plaintiff has propounded more than twenty-five interrogatories because of the sub-parts contained within the interrogatories. For example, Interrogatory No. 1 states, "If your response to request for admission no. 1, 6-10, set one is anything other than an unequivocal admission, state all facts upon which your response is based." See Dkt. #59 at 1. This is actually six interrogatories because it requests information based upon six different requests for admissions. Thus, Plaintiff has exceeded the limit of twenty-five interrogatories.

With regard to the requests for admission, Defendants are correct that there are objectionable requests. The Ninth Circuit has recognized that requests for admissions "are sought, first, to facilitate proof with respect to issues that cannot be determined from the case, and second, to narrow the issues by eliminating those that can be." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). Rule 36(a) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." Id. The goal of requests for admissions is to "eliminate from the trial matters as to which there is no genuine dispute." People of the State of California v. The Jules Fribourg, 19 F.R.D. 432, 436 (N.D. Ca. 1955). For this reason, "requests for admissions are not principally discovery devices." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Ca. 1998), citing 8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, § 2252 at 524-525. ("Strictly speaking Rule 36 is not a

5

discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.  A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36").  Plaintiff may serve the Defendants with requests to admit that "seek the truth of any matters within the scope of Rule 26(a)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a).

Lastly, Plaintiff is advised that discovery requests are not to be filed with the court, unless otherwise ordered by the court.  As set forth in the court's Discovery Order (Dkt. #28), "Filing a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion."  Id.  Plaintiff is advised to consult the Federal Rules of Civil Procedure and the court's Discovery Order and to comply with the procedures outlined.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel (Dkt. #46) is DENIED.  Plaintiff may serve his discovery requests on the Defendants from whom he seeks responses.
2. Plaintiff's Motion for Subpoenas (Dkt. #54) is DENIED.
3. Williams' Motion to Quash (Dkt. #55) is GRANTED.
4. Plaintiff's Motion for a Copy of the Docket Sheet (Dkt. #67) is GRANTED.  The Clerk of Court shall mail Plaintiff a copy of the docket sheet in this case.
5. Plaintiff's Motion for a Copy of his Deposition Transcript (Dkt. #68) is DENIED.  The court does not possess the transcript, and counsel for Williams states she provided a copy of Plaintiff's deposition transcript to him.
6. Defendants' Motion for Protective Order (Dkt. #70) is GRANTED.  Plaintiff may serve up to twenty-five interrogatories on the Defendants and requests for admissions which comply with Rule 36 and the cases cited in this order.

Dated this 31st day of March, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE