UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| MAURICE R. SCOTT, | Case No. 2:07-cv-00184-KJD-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn for Exam – Dkt. #155) |
| MTA KELLER, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Maurice R. Scott's Motion Under Rule 35(a)(2) for Physical and Mental Examination of Persons (Dkt. #155) filed August 4, 2014. The court has considered the Motion, Defendants Moser's and Wagner's Opposition (Dkt. #156) filed August 7, 2014, and Plaintiff's untimely Reply (Dkt. #157) filed September 8, 2014.

Plaintiff is a prisoner proceeding in this action pro se and in forma pauperis. The only remaining claim in this case is Plaintiff's claim that Defendants Moser and Wagner violated the Eighth Amendment by causing a delay in Plaintiff's receipt of medical attention for an injured hand. *See* Order (Dkt. #128). The Motion requests the court order Plaintiff to be seen by an orthopedic specialist physician who can "give an expert opinion, diagnose, and screen Plaintiff's medical records."

Defendants oppose the Motion, asserting that there is no dispute that Plaintiff's hand was fractured, and the medical treatment Plaintiff received is not in issue. The sole issue is whether the alleged delay in treatment violated Plaintiff's rights under the Eighth Amendment— specifically, whether Defendants were aware of an excessive risk of harm, and whether they deliberately disregarded that risk. Defendants assert that the testimony of an orthopedic expert will not aid the fact-finder in that determination. Additionally, Defendants assert that Federal

1 Rule of Civil Procedure 35 is not the appropriate basis for Plaintiff's Motion because he is
2 seeking information about himself and has not shown good cause exists to order the examination.
3 Instead, Rule 706 of the Federal Rules of Evidence governs the court's appointment of an expert
4 witness when scientific, technical, or other specialized knowledge will assist the fact finder's
5 understanding of the evidence to decide a fact in issue.   Defendants contend the appointment of
6 an orthopedic specialist is unnecessary because Plaintiff's medical condition is not in issue.

7 Plaintiff replies that he cannot give a medical opinion because he is not a trained
8 physician, and expert testimony is required to prove medical malpractice at trial.

9 Under Rule 706 of the Federal Rules of Evidence, the court may appoint a neutral expert.
10 *See Gorton v. Todd,* 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011) (citing *In re High Fructose*
11 *Corn Syrup Antitrust Lit.,* 295 F.3d 651, 655 (7th Cir. 2002).  The decision whether to appoint an
12 expert under FRE 706 is discretionary, but ultimately, the court must decide whether appointing
13 a neutral expert will promote accurate fact finding.  *See Gorton*, 793 F. Supp. 2d at 1179 (citing
14 29 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 6304 (3d ed. Supp. 2011)).

15 Here, Plaintiff's only remaining claim is whether Defendants Moser and Wagner were
16 deliberately indifferent to Plaintiff's serious medical need.  The court finds that appointment of
17 an expert is not required here.  The jury will be able to evaluate Defendants Moser's and
18 Wagner's subjective beliefs with an instruction concerning deliberate indifference and without
19 an expert's assistance.  Under the facts of this case, the jury need not consider complex questions
20 of medical diagnosis and judgment like they would in a medical malpractice case  This is not a
21 medical malpractice case, and Plaintiff's injuries are undisputed.  The only issue for the jury is a
22 subjective inquiry into the state of mind of the Defendants.  An expert is not necessary to opine
23 whether Plaintiff had serious medical needs because the symptoms he exhibited—i.e., a broken
24 finger—are not beyond a lay person's grasp.

25 Accordingly,
26 / / /
27 / / /
28 / / /

**IT IS ORDERED** that Plaintiff's Motion to Appoint Medical Expert (Dkt. #155) is DENIED.

Dated this 10th day of November, 2014.

                                                                                   PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE