UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAURICE SCOTT,

    Plaintiff,

v.

MTA KELLER, *et al.*,

    Defendants.

Case No. 2:07-CV-00184-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Leave for Additional Discovery (#170). Defendants filed a response in opposition (#179). Also before the Court is Defendant's Request for Clarification and Relief (#176).

I. Motion for Additional Discovery

    Plaintiff seeks the employment records of Defendants. However, though no firm discovery deadline was set in this action, the Discovery Order (#28) required written discovery requests could be made no later than October 30, 2015, forty-five (45) days before trial. Motions for summary judgment were ruled on September 14, 2010. After a failed interlocutory appeal and failed settlement conferences, the Court noted that Plaintiff had taken no action of record from November 9, 2012 until July 1, 2014. After bringing this to Plaintiff's attention, the Court set this matter for trial at Plaintiff's belated request.

Essentially, Plaintiff is now seeking to have the Court modify the scheduling order to allow discovery past the deadline. The standard for granting this request "primarily considers the diligence of the party" seeking the modification. See Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 608 (9th Cir. 1992). The Court will review the Plaintiff's motion under Federal Rule of Civil Procedure 16(b)(4)'s good cause standard.

As noted by the Mammoth court, the primary concern is not prejudice, but good cause and the diligence of the party seeking the modification. See id. at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"). Here, Plaintiff was aware that the veracity of Defendants would be in issue and that Defendants' personnel files may have been relevant for over eight (8) years. Plaintiff has not been diligent in seeking this information. Therefore, his motion is denied.[1]

II. Defendants' Motion for Clarification

First, Defendants seek clarification regarding the necessity to file pretrial statements under the Local Rules after having filed a joint pre-trial order in accordance with the Court's order. The parties are relieved of the duty to file statements in accordance with Local Rule 281. The final deadline for disclosing trial exhibits shall be Wednesday December 9, 2015. The proposed exhibit lists should be filed that day. Questions regarding the format of the exhibits should be addressed to the court deputy clerk.

Second, Defendant's motion to authenticate business records via records-custodian declaration is granted.

Finally, Defendant Scott is hereby notified of the procedures for obtaining the attendance of witnesses at trial as follows:

---

[1] The Court denies the motion based only on its untimeliness. The Court need not, and has not, considered Defendants' other arguments for opposing the motion.

2

Plaintiff is hereby informed that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts in support of his claims. Trial evidence generally takes the form of: (a) exhibits; and (b) witness testimony. The following procedures apply for calling witnesses[2]:

**A. Obtaining Attendance of Incarcerated Witness Who Intends to Testify Voluntarily**

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts. Therefore, a party intending to introduce testimony from such a witness must file a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:

1. Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;

2. Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:

   a. The party can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

   b. The witness can swear by affidavit that he is willing to testify without the compulsion of subpoena.

3. Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

   a. The party can swear that he knows the witness saw or heard relevant facts. For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

---

[2] Any witness being called must have been designated in the pretrial order previously filed with the Court.

      b. The witness can swear to the relevant facts he observed. Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

### B. Obtaining Attendance of Incarcerated Witness Who Refuses to Testify Voluntarily

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must with his pretrial statement file a motion for an order directing that witness to appear. Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

### C. Obtaining Attendance of Unincarcerated Witness Who Agrees to Testify Voluntarily

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

### D. Obtaining Attendance Unincarcerated Witnesses Who Refuse to Testify Voluntarily

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds *in forma pauperis*, must complete and submit to the United States Marshal a subpoena for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed subpoena, the party must also submit a copy of the court's order granting that party *in forma pauperis* status.

Additionally, the party must tender a money order payable to the witness in the amount of the daily witness fee, $40.00, plus the witness's travel expenses. The party must also notify the court that these materials have been submitted to the United States Marshal not earlier than four weeks and not later than two weeks before trial. A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by the materials listed above. No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding *in forma pauperis* must tender any witness fees and travel expenses.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave for Additional Discovery (#170) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Request for Clarification and Relief (#176) is **GRANTED**.

DATED this 20th day of November 2015.

_____
Kent J. Dawson
United States District Judge